ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

Date: October 5, 15
Offender: (Please Print) Lamont Moore
ID#: B50182

Present Facility: Western
Facility where grievance issue occurred: Vandalia / Western

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] ADA Disability Accommodation
- [x] Staff Conduct
- [ ] Dietary
- [x] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [x] Other (specify): Failure to Protect

- [ ] Disciplinary Report: ___/___/___  Date of Report    Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

In order to bring a failure to protect claim against prison officials one needs to show deliberate indifference. This requires proof that (1) Guards knew that there was a substantial risk one would be seriously harmed, and (2) They failed to respond reasonably to protect one. Farmer v. Brennan, 511 U.S. 875 (1994). Back on June 14 2015, I was stabbed in the eye with a key by K-Sample (M46181) in Vandalia Correctional Center, after I observed him trying to break into my property box. Prior to the actual altercation

Relief Requested: Transfer me back to Vandalia, and 2 Million for pain and suffering

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Lamont Moore_   B50182   10/5/15
Offender's Signature   ID#   Date

(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)

Date Received: _____
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: OCT 26 2015

RECEIVED
OCT 8 2015
GRIEVANCE OFFICE

_____   _____   ___/___/___
Print Counselor's Name    Counselor's Signature    Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___   Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____   ___/___/___
Chief Administrative Officer's Signature   Date

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

I informed Officer Hatwood about what I observed and my belief that if Sample and I were not seperated an altercation would ensue. Officer Hatwood did nothing and as a result I lost my left eye and am now permanently disabled. This was a clear violation of my Eighth Amendment rights. However, the Federal Constitutional violations as well as the violations in I.D.O.C policies didn't end just there. Due to the breakdowns in policies and procedures the injured eye was placed back into my head, which died, resulting in infection setting in and caused me to experience a level of pain so excruciating that no human being should ever have to endure. Even after making the administration here at Western aware of this medical crisis the dead eye was not removed until September 6, 2015. The Eighth Amendment safeguards prisoners against a lack of medical care that may result in pain and suffering which no one suggest would serve any penological purpose. Rodriguez v. Plymouth Ambulance Serv. 577 F.3d 816, 828 (7th Cir. 2009). A delay in treating non-life threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmates pain. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). A medical professionals actions may reflect deliberate indifference if he or she chooses an easier and less efficacious treatment without exercising professional judgment. Hulick, 612 F.3d at 640. A prison physician cannot simply continue with a course of treatment that he knows is ineffective in treating the inmates condition. Greeno v. Daley, 414 F.3d 645, 655 (7th Cir. 2005). Furthermore, prison officials can be held liable if it is obvious, even to a lay person, that the prisoner is in need of hospitalization or other critical medical care. McRaven v. Sanders, 577 F.3d 974 (8th Cir. 2009). I should first point out that I should of never been transferred from Vandalia to Western in the first place. According to section 2.2.3.1.2 "Transferred/Transferring Offenders" of the contract IDOC and Wexford entered into an "Offender undergoing treatment, care, or procedures including but not limited to surgery, prosthetics and dental prosthetics and are scheduled to be transferred to another center shall be placed on a Medical Hold..." It might just be me

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE** (Continued)

but having ones eye put back into his head and scheduled for removal/possible removal qualifies for a Medical Hold. This means that not only is Wexford liable for the wanton and unnecessary infliction of pain I suffered due to said transfer, but so is the administration at Vandalia. From the time I arrived at Western it was clear I was in need of ophthalmological care that I could not receive at said facility. You can see in my intake photo that my eye was and is still heavily bandaged. During my medical intake exam I explained to the medical staff how I was stabbed in the eye with a key. That my eye was actually removed from the socket with the key still lodged in it. I explained to them that I was sent to a hospital in Springfield where the eye was simply put back into the socket and I was sent packing without seeing or receiving any type of specialized treatment. I explained how I was in terrible pain from said injury. I was given Tylenol and told I would be seen by the medical director in a couple of days. From the time I arrived at Western until the eye was removed I complained daily about the pain. Sometime going to the health care unit 5 or 6 times a day just to get Tylenol. This transfer resulted in a delay in me receiving proper ophthalmological care which could of saved my eye. This breakdown in policy and procedures by and amongst the staff and administration at both Vandalia and Western led to infection setting in, loss of the eye and excruciating pain for over 2 months. This is a clear violation of the cruel and unusual punishment doctrine of the Eighth Amendment.

See the following attached hereto:

1. See Wexford Contract section 2.2.3.12, Transferring/Transferred Offenders

RECEIVED
OCT 26 2015